IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NELSON GAITAN-AYALA,<br>Defendant. | CR. NO. 07-00268 JMS-1<br><br>ORDER DENYING DEFENDANT'S "MOTION IN REQUEST FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)," ECF NO. 892 |

**ORDER DENYING DEFENDANT'S "MOTION IN REQUEST FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)," ECF NO. 892**

**I. INTRODUCTION**

Before the court is pro se Defendant Nelson Gaitan-Ayala's ("Defendant") December 22, 2022 "Motion in Request for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)," ECF No. 892 ("Motion"). Defendant claims two reasons support his request: (1) at sentencing, the court incorrectly calculated his United States Sentencing Guideline ("Guideline") range, including the amount of drugs for which he was held responsible, and imposed a four-level upward adjustment for his leadership role in the offense, and a two-level upward adjustment for possession of a firearm; and (2) Guideline Amendment 782 resulted in a reduction of his Guideline offense level by two. The court finds no extraordinary or compelling reason to reduce Defendant's sentence. Further, the

court would deny the Motion independently based on a consideration of the relevant 18 U.S.C. § 3553(a) factors.  Accordingly, for the reasons stated below, Defendant's Motion, ECF No. 892, is DENIED.

## II.  BACKGROUND

Defendant is 61-years old and presently incarcerated at United States Penitentiary Atlanta, with a projected release date of March 16, 2026.  *See* Find an Inmate, ("Find By Name" entering "Nelson Gaitan-Ayala"), https://www.bop.gov/inmateloc/ (last visited March 8, 2023).

On October 17, 2008, a jury found Defendant guilty on the five counts of a First Superseding Indictment, including: (1) conspiring to possess with intent to distribute and to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 (Count 1); (2) distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on November 16, 2006 (Count 6); (3) distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on March 23, 2007 (Count 7); (4) using a communication facility in causing and facilitating the commission of a conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 843(b) on December 13, 2006 (Count 11); and (5) using a communication facility in causing and facilitating the commission of a conspiracy to possess with intent to

distribute and to distribute methamphetamine in violation of 21 U.S.C. § 843(b) on December 17, 2006 (Count 12). *See* ECF Nos. 557 & 562. On April 2, 2009, the court granted Defendant's Motion for a New Trial (ECF Nos. 598 & 600) with respect to Counts 6, 11, and 12, and denied it with respect to Counts 1 and 7. ECF No. 619.

Defendant was then sentenced on June 15, 2009, to 264 months imprisonment and five years of supervised release. ECF No. 654.[1] His conviction was affirmed by the Ninth Circuit on August 9, 2010. ECF No. 704.

On December 22, 2022, Defendant filed the instant Motion. ECF No. 892. The government filed a response on January 23, 2023, claiming that Defendant failed to exhaust his administrative remedies. ECF No. 894. In a February 10, 2023 reply, Defendant demonstrated that the government was incorrect and that he had requested that the Bureau of Prisons provide a reduced sentence based on "the District Court's issuance of an EXCESSIVE sentence." ECF Nos. 895 & 895-1. The government then conceded that Defendant had exhausted his administrative remedies and, with leave of court, filed a substantive

---

[1] Under the Guidelines, Defendant had a total offense level 44 and criminal history category II, resulting in an advisory guideline range of life. The court and the parties, however, worked under the mistaken view that an offense level 44 and criminal history category II resulted in the Guideline range of 360 months to life. *See* ECF No. 668 (transcript of sentencing hearing) at PageID.4960–61. After a consideration of all the 18 U.S.C. § 3553(a) factors, and taking into account (the incorrect) Guideline range of 360 months to life, the court varied downward to a sentence of 264 months imprisonment.

3

opposition to Defendant's Motion on March 2, 2023. *See* ECF Nos. 896, 896-1, 897 & 898. The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

## III. DISCUSSION

### A. Legal Standard

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)). Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A). *See id.* Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
>     . . . .

4

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citations omitted). And although the court must consider "extraordinary and compelling" reasons, the applicable policy statements by the Sentencing Commission, and § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," that requirement does not apply to this case, as there is

5

currently no policy statement from the Sentencing Commission that is "applicable" to compassionate release motions filed by a defendant rather than by the BOP Director. *See Wright*, 46 F.4th at 946. Specifically, the Sentencing Commission's policy statement, Guideline § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission has not yet amended the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802.

       The Ninth Circuit in *Keller*, after *Aruda*, further clarified the scope of the district court's discretion, holding that a district court may deny a compassionate release motion solely based on defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). *Keller*, 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing

6

*Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

B.  **Extraordinary and Compelling Reasons**

Defendant makes two primary arguments in support of his Motion—that the court incorrectly calculated his Guideline sentence and that, if sentenced today, he would receive a two-level reduction in his offense level based on Amendment 782. Each argument fails.

First, "[o]bjections to sentencing that . . . were fully considered and rejected at the time of sentencing are not the changed circumstances intended to the purposes of compassionate release." *United States v. Stinson*, 2022 WL 4182360, at *4 (S.D. Ohio Sept. 13, 2022).[2] Stated differently, "[l]egal errors at sentencing are neither extraordinary nor compelling." *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *United States v. Pearson*, 2021 WL 1723396, at *5 (S.D. Fla. Apr. 30, 2021); *United States v. White*, 2022 WL 17960721, at *5 (S.D. Ind. Dec. 27, 2022). To be clear, this is not an instance where a defendant is claiming ineffective assistance of counsel; instead, Defendant simply claims that the court erred in the

---

[2] At sentencing, defense counsel raised the very issues that Defendant now challenges—the quantity of drugs for Guideline purposes, and the upward adjustments for role in the offense and possession of a firearm. ECF No. 668; *see also* ECF No. 639.

7

amount of drugs considered under the Guidelines, as well as imposing a 4-level upward adjustment for his leadership role and a 2-level upward adjustment for the possession of a firearm.[3]

Further, based on the court's recollection of the trial evidence and a review of the presentence report and sentencing transcript, the court is confident that Defendant was held responsible for the correct amount of methamphetamine under the Guidelines, and that the evidence fully supported the role in the offense and firearm possession enhancements. As a result, the basis for Defendant's motion—that the court incorrectly calculated the Guidelines—is simply wrong.

Finally, Defendant suggests that "the retroactive effect of the Amendment 782/All Drugs Minus Two," also renders the sentence "excessive and unfair." ECF No. 892 at PageID.7359.[4] Again, Defendant is wrong. With the

---

[3] Previously, on March 12, 2013, the court denied Defendant's motion brought pursuant to 28 U.S.C. § 2255, which included a claim for ineffective assistance of counsel. *See* ECF No. 787. Any subsequent § 2255 motion could not be filed in this court as second or successive. Further, because § 2255 motions can address alleged constitutional (or federal law) violations, it is unlikely that a defendant could bring such a claim under § 3582(c)(1)(A). *See United States v. Wesley*, ___ 4th ___, 2023 WL 2261817, at *8 (10th Cir. Feb. 28, 2023) (citing cases from Second, Fourth, Sixth, Seventh, Eighth, and D.C. Circuits holding that a direct appeal or a § 2255 motion, not a § 3582(c)(1)(A) motion, is the appropriate vehicle to challenge a conviction or sentence); *see also United States v. Chen*, 48 F.4th 1092, 1101 (9th Cir. 2022) (finding that a § 3582(c)(1)(A) motion is not foreclosed by § 2255 if that motion raises non-constitutional or federal law issues, but not specifically addressing whether a constitutional or federal law question can be brought in a § 3582(c)(1)(A) motion).

[4] Defendant also argues that his designation within criminal history category II overrepresents the seriousness of his prior criminal record. ECF No. 892 at PageID.7359, 7364.

(continued . . .)

application of Amendment 782, Defendant's offense level would be reduced from offense level 44 to 42, criminal history category II. As a result, his Guideline range would be reduced from life, to 360 months to life. This is not the sort of reduction of a Guideline range, given the totality of facts in this case including the large variance downward granted to Defendant at sentencing, that gives rise to extraordinary and compelling reasons to justify a reduced sentence. *Cf. United States v. Kanui*, 2022 WL 4120784, at *1 (D. Haw. Sept. 9, 2022).[5]

Overall, Defendant has failed to demonstrate any extraordinary or compelling reasons to justify a reduction in his sentence.

C.  **Section 3553(a) Factors**

Independent of a consideration of whether Defendant has provided extraordinary and compelling reasons to justify a sentence reduction, the court would decline to do so based on a consideration of the relevant § 3553(a) factors.

Relevant § 3553(a) factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the

---

The court, however, agreed with this assessment at sentencing and took this into account when determining the ultimate sentence. ECF No. 668 at PageID.4969.

[5] Further, as noted earlier, when imposing the sentence of 264 months, the court and parties mistakenly believed that Defendant's Guideline range was 360 months to life (and not life). ECF No. 668 at PageID.4960–61. In other words, the court mistakenly provided Defendant with a two-level reduction at sentencing, the same two-level reduction that would apply as a result of Amendment 782.

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

Defendant was the leader of a large drug trafficking organization operating between Las Vegas and Hawaii. At sentencing, he was held responsible for over 3,500 grams of methamphetamine. ECF No. 655 at PageID.7320; ECF No. 668 at PageID.4950. Further, Defendant appropriately received a four-level enhancement for his leadership role in the offense, and he possessed a loaded firearm in his bedroom, along with $37,000 in cash. ECF No. 655 at PageID.7322. Given the seriousness of this offense conduct, the court determined at sentencing that under the parsimony clause (again, under the mistaken view that the Guideline range was 360 months to life and not life) that a sentence of 264 months was "sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2)." ECF No. 668 at PageID.4970. The court's view remains the same, particularly given the large variance downward that the court granted.

Weighing all the § 3553(a) factors, including the offense conduct, Defendant's criminal history, and the time remaining on Defendant's sentence,[6] the court determines that reducing his sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 892, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 8, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Gaitan-Ayala*, Crim. No. 07-00268-01 JMS, Order Denying Defendant's "Motion in Request for a Sentence Reduction Under 8 U.S.C. § 3582(c)(1)(A)," ECF NO. 892

---

[6] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release.  *See, e.g., United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *Keller*, 2 F. 4th at 1284; *United States v. Espinoza-Patino*, 2022 WL 16634865, at *1 (9th Cir. May 20, 2022) (unpublished); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020).