IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NELSON GAITAN-AYALA,<br><br>Defendant. | CR. NO. 07-00268 JMS-1<br><br>ORDER DENYING DEFENDANT'S "MOTION PURSUANT TO THE FIRST STEP ACT OF 2018," ECF NO. 910 |

## ORDER DENYING DEFENDANT'S "MOTION PURSUANT TO THE FIRST STEP ACT OF 2018," ECF NO. 910

### I. INTRODUCTION

Before the court is pro se Defendant Nelson Gaitan-Ayala's ("Defendant") May 9, 2024 Motion for Compassionate Release, which he titles "Motion Pursuant to the First Step Act of 2018," ECF No. 910 ("Motion"). Defendant claims that he is entitled to relief under United States Sentencing Guideline ("Guideline") § 1B1.13(b)(6) based on an unusually long sentence. To support this claim, Defendant argues that he should be entitled to a two-level Guideline reduction based on Guideline Amendment 782—also known as "drugs minus 2"—and that at sentencing the court erroneously determined his Guideline level by: 1) applying a four-level upward adjustment based on his role in the offense; 2) applying a two-level upward adjustment for possession of a firearm;

3) incorrectly applying his criminal history; and 4) incorrectly determining that amount of drugs for which Defendant was held responsible. *Id.* at PageID.7589–90.

The court finds no extraordinary or compelling reason to reduce Defendant's sentence. Further, the court would deny the Motion independently based on a consideration of the relevant 18 U.S.C. § 3553(a) factors. Accordingly, for the reasons stated below, Defendant's Motion, ECF No. 910, is DENIED.[1]

## II.  BACKGROUND

Defendant is 63 years old and presently incarcerated at Atlanta FCI, with a projected release date of March 16, 2025. *See* Find an Inmate, ("Find By Name" entering "Nelson Gaitan-Ayala"), https://www.bop.gov/inmateloc/ (last visited July 5, 2024).

On October 17, 2008, a jury found Defendant guilty on the five counts of a First Superseding Indictment, including: (1) conspiring to possess with intent to distribute and to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 (Count 1); (2) distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on November 17, 2006 (Count 6); (3) distributing 50

---

[1] Defendant filed a previous Motion for Compassionate Release, ECF No. 892, which the court denied on March 8, 2023. ECF No. 899. Defendant's earlier motion contains many of the same arguments as Defendant makes in the instant Motion.

grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on March 23, 2007 (Count 7); (4) using a communication facility in causing and facilitating the commission of a conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 843(b) on December 13, 2006 (Count 11); and (5) using a communication facility in causing and facilitating the commission of a conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 843(b) on December 17, 2006 (Count 12).  *See* ECF Nos. 557 & 562.  On April 2, 2009, the court granted Defendant's Motion for a New Trial (ECF Nos. 598 & 600) with respect to Counts 6, 11, and 12, and denied it with respect to Counts 1 and 7.  ECF No. 619.

Defendant was then sentenced on June 15, 2009, to 264 months imprisonment and five years of supervised release.  ECF No. 654.[2]  His conviction was affirmed by the Ninth Circuit on August 9, 2010.  ECF No. 704.

On May 9, 2024, Defendant filed the instant Motion.  ECF No. 910.  The government filed a response on May 21, 2024, and Defendant filed a Reply on

---

[2] Under the Guidelines, Defendant had a total offense level 44 and criminal history category II, resulting in an advisory Guideline range of life.  The court and the parties, however, worked under the mistaken view that an offense level 44 and criminal history category II resulted in the Guideline range of 360 months to life.  *See* ECF No. 668 (transcript of sentencing hearing) at PageID.4960–61.  After a consideration of all the 18 U.S.C. § 3553(a) factors, and taking into account (the incorrect) Guideline range of 360 months to life, the court varied downward to a sentence of 264 months imprisonment.

3

June 14, 2024. ECF Nos. 912 & 913 at PageID.7649. The court decides the Motion without a hearing pursuant to Criminal Local Rule 12.2(a)(1).

### III.  DISCUSSION

#### A.  Legal Standard

Ordinarily, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)). Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
> 
> (i) extraordinary and compelling reasons warrant such a reduction;
> 
> . . . .
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

4

"As compassionate release derogates from the principle of finality, it is a 'narrow' remedy . . . and the court's disposition of a compassionate release motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45 (internal citation omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011), and *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)).

But § 3582 itself does not define extraordinary and compelling reasons. "Instead, Congress stated that the Sentencing Commission, 'in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

United States Sentencing Commission Policy Statement § 1B1.13(a) states, as relevant to Defendant, that a court may grant a motion for compassionate release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court determines that: extraordinary and compelling reasons warrant the reduction; the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with [§ 1B1.13's] policy statement."

Section 1B1.13 then sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence: (1) certain medical circumstances of the defendant; (2) age of the defendant coupled with health issues; (3) certain family circumstances of the defendant; (4) whether the defendant was a victim of sexual or physical abuse while in custody; (5) other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4);[3] and (6) defendant received an unusually long sentence.

Specifically at issue with Defendant's Motion, § 1B1.13(b)(6) states that extraordinary and compelling reasons can exist based on unusually long sentences:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but

---

[3] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity . . . ." Supplement to Guideline App. C, amend. 814, p. 207 (Nov. 1, 2023). Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons. *See Muhammad v. United States*, 2024 WL 3166889, at *2 (E.D. Va. June 25, 2024) (finding that courts maintain discretion to determine any extraordinary and compelling reason under § 1B1.13(b)(5)); *United States v. Gudgel*, 2024 WL 729959, at *2 (D. Idaho Feb. 22, 2024) (stating that under the "other reasons" provision of § 1B1.13(b)(5), "district courts have wide discretion in evaluating whether a defendant's circumstances are extraordinary and compelling enough to justify a sentence reduction."); *United States v. Donato*, 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (same); *United States v. Courtway*, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) (same).

> only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

And although the court must consider "extraordinary and compelling" reasons and the relevant § 3553(a) factors, it may deny compassionate release on any of these bases:

> First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case. Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations, quotation marks, emphasis, and footnote omitted).  Thus, a district court may deny a compassionate release motion based solely on a defendant's failure to show an "extraordinary and compelling" reason for release.  "[A] district court that properly denies compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A).  *Keller*, 2 F.4th at 1284 (emphasis omitted).  "Such a reading is compelled by the structure of the compassionate release statute, which treats its

7

requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *id.*). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

Finally, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . . However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" in determining whether and to what extent to reduce a term of incarceration. Guideline § 1B1.13(d).

### B.     The Exhaustion of Administrative Remedies

A defendant is required, under 18 U.S.C. § 3582(c)(1)(A), to exhaust all available administrative remedies before seeking relief before a court. But because the exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, it is waivable. *Keller*, 2 F.4th at 1282. Thus, a district court must enforce the exhaustion requirement "when the government properly invokes" it. *Id*. at 1280. Here, although it is not clear if Defendant exhausted his administrative remedies, the government has not invoked the failure to do so as a basis to deny the Motion. Instead, the government limits its response to a discussion of the Motion's merits. Any failure to exhaust has been waived by the government, and the court thus proceeds to the merits.

8

### C.  Extraordinary and Compelling Reasons

Defendant argues that the court incorrectly calculated his Guideline sentence and that, if sentenced today, he would receive a two-level reduction in his offense level based on Amendment 782.[4] Based on this, he claims that he is entitled to a reduction in his sentence under Guideline § 1B1.13(b)(6). Defendant is mistaken for several reasons.

First, "[o]bjections to sentencing that . . . were fully considered and rejected at the time of sentencing are not the changed circumstances intended for the purposes of compassionate release." *United States v. Stinson*, 2022 WL 4182360, at *4 (S.D. Ohio Sept. 13, 2022).[5] Stated differently, "[l]egal errors at sentencing are neither extraordinary nor compelling." *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("[A] legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under

---

[4] As stated above, at sentencing the court found that Defendant had a Guideline offense level 44 and Criminal History Category II, resulting in an advisory Guideline range of life (although the court and parties mistakenly believed the range to be 360 to life). ECF No. 668 at PageID.4960–4961. Defendant argues that a correct Guideline computation, including a two-level reduction for drugs minus 2, would result in an offense level 26, Criminal History Category I, with an advisory range of 63 to 78 months. *See* ECF No. 910 at PageID.7593.

[5] At sentencing, defense counsel raised the very issues that Defendant now challenges— the quantity of drugs for Guideline purposes, his criminal history category, and the upward adjustments for role in the offense and possession of a firearm. ECF No. 668; *see also* ECF No. 639.

§ 3582."); *United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023) (explaining that defendants cannot use § 3582(c)(1)(A) as a means to correct sentencing errors); *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) ("We therefore hold that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence . . . .").

And, to be clear, this is not an instance where a defendant is claiming ineffective assistance of counsel in a habeas petition; instead, Defendant simply claims that the court erred in the amount of drugs considered under the Guidelines, as well as imposing a 4-level upward adjustment for his leadership role and a 2-level upward adjustment for the possession of a firearm.[6] In any event, based on the court's recollection of the trial evidence and a review of the presentence report and sentencing transcript, the court is confident that Defendant was held responsible for the correct amount of methamphetamine under the Guidelines, and that the evidence fully supported the role in the offense and firearm possession enhancements. As a result, the premise of Defendant's motion—that the court incorrectly calculated the Guidelines—is simply wrong.[7]

---

[6] Previously, on March 12, 2013, the court denied Defendant's § 2255 motion, which included a claim for ineffective assistance of counsel. *See* ECF No. 787. In its order, the court determined that the four-level increase for role in the offense was correctly applied. *Id*. at PageID.6145–6147.

[7] After Defendant appealed the denial of his previous compassionate release motion, the Ninth Circuit affirmed, holding in part that the "district court reasonably concluded that Gaitan-
(continued . . . )

Further, § 1B1.13(b)(6) is simply inapplicable to Defendant.[8] Although he was arguably sentenced to "an unusually long sentence" and he has served at least ten years of that sentence, this provision only applies to a "change in the law" and "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." Defendant's disagreement with the court's decision making at sentencing is not a "change in the law." What remains is Defendant's argument that "the retroactive effect of the Amendment 782/All Drugs Minus Two" provides the necessary change in law.[9] *See* ECF No. 910 at PageID.7589. Again, Defendant is wrong. With the application of Amendment 782, Defendant's offense level would be reduced from offense level 44 to 42, criminal history category II.

---

Ayala failed to show extraordinary and compelling reasons for release because his challenges to the calculation of his Guidelines range lack merit and because his sentence is significantly below Guidelines even after application of Amendment 782." *United States v. Gaitan-Ayala*, 2023 WL 8732721, at *1 (9th Cir. Dec. 19, 2023).

[8] Prior to November 1, 2023, because there was no "applicable policy statement" that applied to defendant-filed § 3582(c) motions, courts could consider any extraordinary and compelling reasons that a defendant raised. *Aruda*, 993 F.3d at 802. Now, however, § 1B1.13 explicitly controls what constitutes an extraordinary and compelling reason for § 3582(c) motions. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, — F. Supp. 3d —, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024); *United States v. Brewer*, 2024 WL 2115926, at *1 (D. Nev. May 10, 2024); *Courtway*, 2023 WL 8772931, at *6; *United States v. Lopez*, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

[9] Defendant also argues that his designation within criminal history category II overrepresents the seriousness of his prior criminal record. ECF No. 910 at PageID.7589–7590. The court, however, *agreed* with this assessment at sentencing and took this into account when determining the ultimate sentence. ECF No. 668 at PageID.4969.

11

As a result, his Guideline range would be reduced from life, to 360 months to life. This is not the sort of gross disparity,[10] given the totality of facts in this case including the large variance downward granted to Defendant at sentencing, that gives rise to extraordinary and compelling reasons to justify a reduced sentence.[11]

In short, Defendant has failed to demonstrate any extraordinary or compelling reasons to justify a reduction in his sentence.

### D.    Section 3553(a) Factors

Independent of a consideration of whether Defendant has provided extraordinary and compelling reasons to justify a sentence reduction, the court would decline to do so based on a consideration of the relevant § 3553(a) factors.

Relevant § 3553(a) factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

---

[10] Although the term "gross disparity" is not defined in the Guidelines, some courts have determined that a gross disparity is one that is "glaringly noticeable." *See United States v Carswell*, 2024 WL 2113770, at *5 (S.D. Fla. May 10, 2024); *United States v. Allen*, — F.3d — 2024 WL 631609, at *6 (N.D. Ga. Feb. 12, 2024).

[11] Further, as noted earlier, when imposing the sentence of 264 months, the court and parties mistakenly believed that Defendant's Guideline range was 360 months to life (and not life). ECF No. 668 at PageID.4960–61. In other words, the court mistakenly provided Defendant with a two-level reduction at sentencing, the same two-level reduction that would apply as a result of Amendment 782.

(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2).  And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).  18 U.S.C. § 3553(a).

Defendant was the leader of a large drug trafficking organization operating between Las Vegas and Hawaii.  At sentencing, he was held responsible for over 3,500 grams of methamphetamine.  ECF No. 655 at PageID.7320; ECF No. 668 at PageID.4950.  Further, Defendant appropriately received a four-level enhancement for his leadership role in the offense, and he possessed a loaded firearm in his bedroom, along with $37,000 in cash.  ECF No. 655 at PageID.7322.  Given the seriousness of this offense conduct, the court determined at sentencing that under the parsimony clause (again, under the mistaken view that the Guideline range was 360 months to life and not life) that a sentence of 264 months was "sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2)."  ECF No. 668 at PageID.4970.  The court's view remains the same, particularly given the large variance downward that the court granted.

Weighing all the § 3553(a) factors, including the offense conduct, Defendant's criminal history, and the time remaining on Defendant's sentence,[12] the court determines that—independent of whether Defendant has provided extraordinary and compelling reasons to justify a sentence reduction—reducing his sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 910, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 5, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Gaitan-Ayala*, Crim. No. 07-00268 JMS-1, Order Denying Defendant's "Motion Pursuant to the First Step Act of 2018," ECF No. 910

---

[12] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release.  *See, e.g., United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021); *United States v. Espinoza-Patino*, 2022 WL 16634865, at *1 (9th Cir. May 20, 2022) (unpublished); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020).